UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

SEAN MCNAIR,

                          Plaintiff,                                    **23-CV-01290 (KHP)**

        -against-                                                     **OPINION & ORDER**


COMMISSIONER OF SOCIAL SECURITY

                          Defendant.
-----------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

Plaintiff Sean McNair ("Plaintiff"), represented by counsel, commenced this action

against the Commissioner of the Social Security Administration ("Commissioner"), seeking

judicial review of a Commissioner's decision denying Plaintiff's application for disability benefits.

(ECF No. 1.)  Before the Court is the motion of Plaintiff's counsel, Daniel Osborn of Osborn Law,

P.C. (together, "Osborn"), for attorneys' fees under 42 U.S.C. § 406(b).  For the reasons that

follow, the Court **grants** the motion for attorneys' fees in the amount of $23,602.75.[1]

**BACKGROUND**

Plaintiff's Complaint, pursuant to 42 U.S.C. § 405(g), was filed on February 15, 2023. (ECF

No. 1.)  On November 13, 2023, the Court so-ordered the parties' stipulation, remanding the

case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C.

§ 405(g). (ECF No. 22.)  On December 29, 2023, the parties agreed that the Commissioner would

---

[1] This action is before the Court for all purposes on consent of the parties, pursuant to 28 U.S.C. § 636(c) and
Federal Rule of Civil Procedure 73. (ECF No. 7.)

pay $5,549.82 in attorneys fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which was so-ordered by the Court the same day. (ECF No. 25.)

On September 23, 2025, the Social Security Administration issued a Notice of Award and set forth benefits payable to Plaintiff, withholding $23,602.75 of Plaintiff's past-due benefits to pay fees to representatives or counsel. (ECF No. 27-4, at 5.)  Osborn Law, P.C. received the Notice of Award on October 15, 2025, as the Notice was sent to the offices of Pasternack Tilker, who had represented Plaintiff in the administrative proceeding. (ECF No. 27 ¶ 13.)

On October 24, 2025, Plaintiff and his counsel filed a motion seeking attorneys' fees in the amount of $23,602.75 for 20.8 hours of legal work performed in connection with the above-entitled action. (ECF Nos. 26-28.)

**LEGAL STANDARD**

"Section 406 discretely addresses attorneys' fees expended in connection with administrative proceedings, 42 U.S.C. § 406(a), and those in connection with a challenge in court, 42 U.S.C. § 406(b)." *Bay v. Comm'r of Soc. Sec.*, No. 20-cv-9774 (RWL), 2025 WL 437698, at *1 (S.D.N.Y. Feb. 6, 2025).  "When considering a motion for attorney's fees pursuant to § 406(b), the court first determines whether it was timely made . . . and then reviews the request for reasonableness." *Johnson v. Kijakazi*, 20-cv-2630 (BCM), 2022 WL 17718336, at *4 (S.D.N.Y. Dec. 15, 2022) (citations omitted).  The Commissioner may "certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b)(1)(A).  Accordingly, a fee awarded under Section 406(b) does not operate as a fee-shifting mechanism between the litigants; rather, it represents compensation that the Social Security claimant personally pays to their own counsel, for which the statute sets a ceiling. *See*

*Wells v. Sullivan*, 907 F.2d 367, 370-71 (2d Cir. 1990).  Thus, pursuant to the Social Security Act, a court may award reasonable attorney's fees to a successful claimant's attorney, provided that those fees do not exceed 25 percent of the amount of past-due benefits awarded to the claimant. *See* 42 U.S.C.§ 406(b)(1)(A).

**ANALYSIS**

### A.   The Motion is Timely

A fee application under a Section 406(b) motion must be filed within fourteen days after the entry of judgment. *See* Fed. R. Civ. P. 54(d)(2)(B)(i); *see also Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019).  However, this rule is subject to equitable tolling since the Commissioner's notice of award may be issued after the fourteen-day deadline has expired, and the statutory cap on fees for which parties may apply depends on the benefits award. *See Sinkler*, 932 F.3d at 83, 88.  Applying equitable tolling, the fourteen-day filing period starts to run from the date counsel is notified of the amount of any benefits award. *See id*. at 85, 88. ("Once counsel receives notice of the benefits award . . . there is no sound reason not to apply Rule 54(2)(B)'s fourteen-day limitations period to a § 406(b) filing . . . .").

Plaintiff filed this motion October 24, 2025, which is eleven days after Plaintiff's counsel received the Notice of Award on October 13, 2025.  Thus, the motion was within Rule 54's fourteen-day deadline and is timely. *See id*.

### B.   The Requested Fee is Reasonable

A request for attorney's fees must be reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002); *Wells*, 907 F.2d at 372.  Where there is a contingent fee agreement in a successful social security case, courts approach Section 406(b) determinations by first looking to

the contingency agreement, then test it for reasonableness and "reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells*, 907 F.2d at 371. "While the court need not make mathematical calculations," it should evaluate (1) "whether the contingency percentage is within the 25% cap"; (2) "whether there has been fraud or overreaching in making the agreement"; and (3) "whether the requested amount is so large as to be a windfall to the attorney." *See id.* at 372.

In determining whether there is a windfall that renders a Section 406(b) fee unreasonable, courts typically consider the de facto hourly rate; however, the lodestar calculation alone does not determine the reasonableness of a fee. *See, e.g.*, *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022) ("[C]ourts must consider more than the de facto hourly rate."). Rather, the court must also consider four factors in addition to the de facto hourly rate: (1) "the ability and expertise of the lawyers and whether they were particularly efficient," (2) "the nature and length of the professional relationship with the claimant," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id*. at 853-56.

Here, the fee agreement between counsel and Plaintiff provides that the fee for representation will be the greater of (i) 25% of any past-due benefits, or (ii) such amount as may be obtained pursuant to EAJA. The requested $23,602.75 fee is in line with the contingency agreement, as it is greater than the amount obtained pursuant to the EAJA, so it should be tested for reasonableness.

Applying the *Wells* factors, the requested fees are reasonable. The requested $23,602.75 fee is within the 25% cap. The Commissioner's Notice of Award states that the

Administration generally withholds 25% of past-due benefits to pay fees to representative or counsel and confirms that $23,602.75 was withheld for that purpose here. (ECF No. 27 ¶ 12.)

Further, there is no suggestion that the contingent-fee agreement was reached through fraud or overreaching.  The agreement, signed by Plaintiff, states in plain language that he agrees to pay Daniel A. Osborn of Osborn Law, P.C., as much as 25% of any past-due benefits and neither Plaintiff nor the Commissioner opposes counsel's motion. (ECF No. 27-1, at 2.)

As to the third factor, the requested fee of $23,602.75 does not constitute a windfall. For 20.8 hours of work, the total award of $23,602.75 yields a *de facto* hourly rate of $1,135. This is reasonable and in fact lower than other recent awards in this District.  *See Bay*, 2025 WL 437698, at *1 (approving a *de facto* hourly rate of $1,861 and finding that it was "in line with amounts that courts have found reasonable"); *Mannouris v. Comm'r of Soc Sec.*, No. 20-cv-9790 (AT) (BCM), 2023 WL 9118792, at *3 (S.D.N.Y. Dec. 22, 2023) (approving a *de facto* hourly rate of $1,918), *report and recommendation adopted*, 2024 WL 81851 (S.D.N.Y. Jan. 8, 2024).

The total time billed and the favorable outcome for Plaintiff indicate counsel was experienced and efficient in litigating the remand that ultimately resulted in an award of benefits to Plaintiff.  Plaintiff's success at securing a reversal of the ALJ's decision reflects counsel's experience and weighs in favor of awarding attorney's fees. *See e.g.*, *Borus v. Astrue*, No. 09-cv-4723 (PAC) (RLE), 2012 WL 4479006, at *4 (S.D.N.Y. Sept. 28, 2012) (noting that counsel's success in obtaining a favorable result was a crucial factor in determining appropriate attorney's fees).  Moreover, counsel spent 20.8 hours of attorney time and 5.0 hours of paralegal time prosecuting this case.  Courts in this circuit often find twenty to forty hours is a reasonable amount of time on routine Social Security cases, with fees awarded in excess of this

amount when additional hours are warranted. *See id.* at *3-4 (finding that the 54 hours for which Plaintiff's counsel sought compensation was reasonable and consistent with analogous Second Circuit cases).  And the more efficient the attorney, the fewer hours they will spend on a task, thus increasing their hourly rate. *See Torres v. Colvin*, No. 11-cv-5309 (JGK), 2014 WL 909765, at *5 (S.D.N.Y Mar. 6, 2014).  The fact that the 20.8 hours spent by Plaintiff's counsel is well within (and indeed sits at the very low end of) the time found to be reasonable for Social Security cases reflects the expertise and efficiency of Plaintiff's counsel.

The requested fees are further supported by the nature of the representation. Counsel's representation of Plaintiff began almost six months before the filing of this federal court action and continued throughout District Court proceedings for the subsequent two years.  This multi-year professional relationship weighs in favor of approving the requesting fee, as it demonstrates continuity of representation and sustained advocacy. *See Fields*, 24 F.4th at 855; *see also Meyer v. Acting Comm'r. of Soc. Sec.*, No. 22-cv-5582 (LDH) (JMW), 2025 WL 2879978, at *5 (S.D.N.Y.  Oct. 9, 2025). Accordingly, the requested fees are supported by the nature of the representation.

Further, there is no reason to believe that Plaintiff is anything other than satisfied with the Commissioner's determination awarding benefits.  Plaintiff has not filed any opposition or supporting papers, but he received a substantial award, which counsels in favor of attorneys' fees being awarded to his counsel. *See Barnes*, 2024 WL 4986943, at *3.

Finally, the uncertainty of a favorable result for Plaintiff also weighs in favor of granting the requested fees.  The Second Circuit has observed that attorneys prosecuting Social Security litigation face a substantial risk due to its contingent nature. *See Fields*, 24 F.4th at 855-56.  "In

the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." *Wells*, 907 F.2d at 371.  "A windfall is more likely to be present in a case[] . . . where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery." *See Fields*, 24 F.4th at 856.  Counsel secured a favorable outcome for Plaintiff, however, the possibility of an adverse result—and with it, no or limited recovery for counsel—remained a real possibility throughout, as evidenced by the claim's initial denial by the ALJ. *See Meyer*, 2025 WL 2879978, at *5 (holding that successful result for the plaintiff did not nullify the justification of a fee request); *Gabriel v. Comm'r of Soc. Sec.*, No. 20-cv-3089 (WFK) (PK), 2024 WL 5416754, at *5 (E.D.N.Y. Oct. 24, 2024) (noting the "inherent uncertainty of social security cases" along with the prior denials and rejections of benefits by an ALJ and the Appeals Council to weigh in favor of a fee request).  Counsel bore this risk for more than two years.  The requested fee thus reflects fair compensation for achieving success, not an unearned windfall.

As a result, the Court approves the fee award of $23,602.75, finding it reasonable in light of the relevant factors.  Because counsel was previously awarded EAJA fees, he will be directed to refund the amount awarded—$5,549.82—directly to the Plaintiff. *See Gisbrecht*, 535 U.S. at 796 (cleaned up) (explaining that where a fee award is made under both EAJA and 42 U.S.C. § 406(b), claimant's attorney must "refund to the claimant the amount of the smaller fee").

**CONCLUSION**

The Court determines that the requested award is reasonable, and that attorneys' fees motion be GRANTED, awarding the amount of $23,602.75.  This amount is to be paid out of

Plaintiff's past-due benefits in accordance with agency policy.  Upon receipt of this sum, counsel

is directed to refund directly to the Plaintiff the previously awarded EAJA fee of $5,549.82.

**The Clerk of Court is respectfully directed to terminate the pending motion at ECF No. 29.**

SO ORDERED.


DATED:      New York, New York
            February 10, 2026

_____
KATHARINE H. PARKER
United States Magistrate Judge